UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY, CDCR #K99536,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>N. THOMPSON, H. MOSELEY.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-01920-JAH-DDL<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A** |

　　　　Daniel C. Ramsey ("Plaintiff" or "Ramsey"), a state prisoner currently incarcerated at High Desert State Prison ("HDSP") in Susanville, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on June 29, 2023 alleging his Eighth and Fourteenth Amendment rights were violated while he was incarcerated at Richard J. Donovan State Prison ("RJD"), and that Defendants conspired to violate his constitutional rights. ECF No. 1. Plaintiff did not pay the civil filing fee, but he did file a Motion to Proceed in Forma Paupers ("IFP"). ECF No. 2.

## I.  Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

---

[1] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $55 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *See* ECF No. 2 at 4; *Andrews*, 398 F.3d at 1119. This document shows Plaintiff had an available balance of $0.00 at the time of filing. *See* ECF No. 2 at 4. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statement indicates he may have "no means to pay it," *Bruce*, 577 U.S. at 85, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and forward them to the Clerk of the Court. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"). *Bruce*, 577 U.S. at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

## II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)

A.     <u>Legal Standard</u>

Plaintiff's Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curium) (holding 1915(e)(2) screening applies to non-prisoners proceeding IFP). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.   Plaintiff's Factual Allegations

Plaintiff alleges that he has been designated as a high risk medical inmate, which requires him to be housed at a high risk medical facility prison, since 2009. ECF No. 1 at

3. In March of 2023, Plaintiff's counselor told him he was set to go before the Inmate Classification Committee ("ICC"). *Id.* Plaintiff and his counselor reviewed possible placements which would be appropriate for his high risk medical designation, and he agreed to go to either California Medical Facility in Vacaville, California or California Health Care Facility in Stockton, California. *Id.* Before he could be transferred, however, Defendant Thompson removed Plaintiff's high risk medical designation without any stated reason and approved a transfer to HDSP, which is not a high risk medical facility. *Id.*

Plaintiff is in a wheelchair and claims he needs assistance, such as help with showering, which HDSP cannot provide. *Id.* In addition, he claims he has been cleared for neck surgery but no such surgery has been scheduled because HDSP does not have a surgeon available. *Id.* at 5–6. Plaintiff suffers from pain, numbness, and has lost use of his left arm and part of his right arm which is being exacerbated by the surgery delay. *Id.* at 6. In addition, Plaintiff alleges he is at risk of substantial harm from other inmates because he cannot defend himself due to his medical condition. *Id.*

Plaintiff filed a grievance about the transfer, explaining that HDSP cannot accommodate his medical needs. *Id*. at 5. The grievance was denied, and Plaintiff appealed; Defendant Mosely denied Plaintiff's appeal. *Id.*

C.  Discussion

   1. *Eighth Amendment*

Plaintiff has stated an Eighth Amendment claim against Defendant Thompson. "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is "one of 'deliberate indifference' to inmate health or safety."

*Id.* (quoting *Wilson*, 501 U.S. at 302–03). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff plausibly alleges his transfer to HDSP is a "sufficiently serious" deprivation of medical care and that Defendant Thompson knew he was placing Plaintiff at serious risk of harm by removing his high risk medical designation and authorizing a transfer to HDSP, which is not a high risk medical facility. Prior to this case, Plaintiff had been designated as a high risk medical inmate for fourteen years. *See* ECF No. 1-3 at 3. His ADA/Effective Communication Summary from July 25, 2023 states he uses a wheelchair, and, among other things, he must be given a bottom bunk, be housed in a building with no stairs, and be provided with an inmate attendant or assistant. *Id.* Further, he was issued an air cell cushion, incontinence supplies, wheelchair, and a pressure reducing mattress. *Id.* Despite the available records demonstrating Plaintiff's medical needs, Thompson provided no reason for his decision to remove the high risk medical designation from Plaintiff's file. *Id.* at 8–9. *Id.* Further, Plaintiff alleges HDSP cannot provide him with an assistant to help him with showering and it is currently unable to provide him with the surgery medical personnel approved in July of 2023; the surgery should have been performed at the latest in October of 2023. *Id.* at 19. The continual denial of treatment for his neck and spine issues has resulted in pain and the loss of use of his left arm and partial loss of use of his right arm. ECF No. 1 at 6. Accordingly, the Court finds Plaintiff's Complaint alleges a plausible Eighth Amendment claim against Defendant Thompson sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

Plaintiff has not, however, stated an Eighth Amendment claim against Defendant Moseley. While "an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to

prevent it," *Ellis v. Foulk*, No. 2:14-cv-00802 AC P, 2015 WL 4662766, at *5 (E.D. Cal. Aug. 5, 2015), "[a]n allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983." *Evans v. Skolnik*, 637 Fed. Appx. 285, 288 (9th Cir. 2015) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)). Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez*, 334 F.3d at 860 (citation omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process").

     Here, Plaintiff explained in his appeal his prior status as a high risk medical inmate, as well as his need for surgery and an assistant to help him with mobility. ECF No. 1-3 at 13–17. He also explained he feared for his safety at HDSP because he was in general population and could not defend himself. *Id*. Although Moseley denied Plaintiff's appeal, he did so by acknowledging that HDSP was not a high risk medical facility, but that Plaintiff's designation as a high risk medical inmate was not mandatory per the Health Care Department Operations Manual. *Id.* at 11. Mosely also stated that HDSP could accommodate Plaintiff's medical needs, but that if Plaintiff believed his medical needs were not being met at HDSP, he should "work with health care staff regarding the issue." *Id.* Thus, Plaintiff's allegations suggest Moseley did not deny Plaintiff's appeal by simply ignoring his medical needs, but instead noted "there is no indication that appellant's medical needs cannot be met at [HDSP]," that Plaintiff would have an opportunity to seek assistance at HSDP if his medical needs were not addressed. *Id*. Accordingly, without more, and as currently pleaded, the Court finds Plaintiff's allegations against Moseley do not plausibly allege he know of and disregarded a serious risk to Plaintiff's health or safety, and therefore he does not state an Eighth Amendment claim against him. *Farmer*, 511 U.S. at 837; *Evans*, 637 Fed. Appx. at 288; *Iqbal*, 556 U.S. at 678.

2. *Equal Protection*

Plaintiff has not also stated an equal protection claim against either Defendant. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). To state an equal protection claim Plaintiff must set forth facts which plausibly allege Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.")

Plaintiff has not alleged any facts which show he is a member of a protected class. *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) (quoting *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) (stating that "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes"); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (quoting *Does 1–5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir.1996) ("Because 'the disabled do not constitute a suspect class' for equal protection purposes, a governmental policy that purposefully treats the disabled differently from the non-disabled need only be 'rationally related to legitimate legislative goals' to pass constitutional muster.") Nor has he shown that Defendants intentionally treated him differently than similarly situated individuals and that there was not a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601-02 (2008) ("[W]hen it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'") (quoting *Olech*, 528 U.S. at 564). Accordingly, he has failed to state a § 1983 equal protection claim. *Iqbal*, 556 U.S. at 678.

3. *Conspiracy*

In addition, Plaintiff has not stated a § 1983 claim for conspiracy. In order to plausibly allege a conspiracy claim, "a plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." *Crowe v. City of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotation marks omitted).) The existence of an agreement can be inferred from circumstantial evidence, such as actions by the defendants. *Id*. "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Soloman v. Las Vegas Metropolitan Police Dep't*, 441 F. Supp. 3d, 1090, 1100 (D. Nev. Feb. 27, 2020) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted).)

The Complaint does not contain sufficient facts to plausibly allege Thompson and Moseley were engaged in a conspiracy to violate Plaintiff's rights. Plaintiff does not claim that Thompson and Moseley communicated with each other in any fashion with respect to the removal of his high risk medical designation, his transfer to HDSP, or the denial of his grievance and appeal. Further, the actions Plaintiff alleges Thompson and Moseley took do not lead to an inference of an agreement between them to violate Plaintiff's rights, or that they had a common objective to do so. Rather, it appears from the Complaint that Thompson and Moseley acted independently from each other. Accordingly, the Court concludes Plaintiff has failed to state a § 1983 conspiracy claim. *Iqbal*, 556 U.S. at 678.

### III.   Leave to Amend

While the Court has concluded Plaintiff has plausibly stated an Eighth Amendment claim against Thomspon, it has dismissed claims against Defendant Moseley and Plaintiff's equal protection and conspiracy claims for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding pro se, however, he must be given leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV.   Conclusion and Order

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4) **DISMISSES** all claims against Defendant Moseley and Plaintiff's equal protection and conspiracy claims sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

6) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) file a Notice of Intent to Proceed with his Eighth Amendment claim against Defendant Thompson only; or (2) file an Amended Complaint correcting all the deficiencies of pleading identified by the Court in this Order.

If Plaintiff chooses to proceed as to his Eighth Amendment claim against Defendant Thompson only, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Defendant Thompson and dismiss Mosely as a Defendant.

If Plaintiff chooses to file an amended pleading correcting the deficiencies outlined in this Order, *his Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Plaintiff's Amended Complaint must be entitled as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 23-cv-01920-JAH-DDL in its caption, and comply both with Fed. R. Civ. P. 8 and with S.D. Cal. CivLR 8.2.a.

In order to assist Plaintiff in complying with these requirements, the Court further **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use and convenience should he choose to amend.

If Plaintiff fails to either notify the Court of his intent to proceed with his Eighth Amendment claim against Defendant Thompson only, or to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: December 12, 2023

_____
Hon. John A. Houston
United States District Judge