UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE #1, Warden, and N. THOMPSON, CDCR – CSR Auditor,<br><br>Defendants. | Case No.: 23-cv-1920-JAH-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>**[Dkt. No. 39]** |

Plaintiff Daniel C. Ramsey is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is a filing titled "Objection Motion to Defendants' Motion for Partial Dismissal and Motion for Attorney." Dkt. No. 39. The Court construes Plaintiff's filing as a motion for leave to file an amended complaint, and for the appointment of counsel. For the reasons stated below, Plaintiff's request for counsel is **DENIED WITHOUT PREJUDICE**.[1]

///

---

[1] This Order disposes of Plaintiff's request for counsel. Plaintiff's motion for leave to file an amended complaint remains under submission.

I.

**BACKGROUND**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 on October 16, 2023, against defendants H. Moseley and N. Thompson. Dkt. No. 1. On December 12, 2023, the Honorable John A. Houston, having conducted the *sua sponte* screening required by 28 U.S.C. § 1915A, found that Plaintiff pled sufficient facts in his complaint to state a plausible Eighth Amendment claim against Thompson. Dkt. No. 3 at 5. However, Judge Houston found Plaintiff had not stated an Eighth Amendment claim against Moseley, and had not stated a claim against either defendant for violation of the Equal Protection Clause or for conspiracy. *Id.* at 6, 8-9. Plaintiff was afforded an opportunity to amend his complaint and ordered to either file an amended pleading or inform the Court that he would proceed on his Eighth Amendment claim against Thompson only. *Id.* at 9-11.

On January 5, 2024, Plaintiff filed a "Notice of Intent to Proceed," informing the Court he would proceed solely against Thompson. Dkt. No. 4. On January 22, 2024, Judge Houston dismissed Plaintiff's remaining claims and ordered the United States Marshal Service to serve process on Thompson. Dkt. No. 5. After some difficulty effecting service, Thompson waived service and entered the action on December 6, 2024. Dkt. No. 16.

On December 16, 2024, Plaintiff filed a motion for a preliminary injunction. Dkt. No. 18. On December 27, 2024, Thompson answered the complaint. Dkt. No. 22. On February 12, 2025, Judge Houston held a hearing on Plaintiff's motion for a preliminary injunction. Dkt. No. 33. The same day, Judge Houston denied Plaintiff's motion and granted Plaintiff leave to amend his complaint. Dkt. No. 34. On February 24, 2025, Plaintiff filed the First Amended Complaint ("FAC"), which is now the operative pleading in the action. Dkt. No. 36. Plaintiff's FAC added defendant "John Doe #1, Warden (RJD)," and alleged Warden Doe violated his right to Due Process. *See* Dkt. No. 36 at 2, 7.

On February 28, 2025, Thompson[2] moved for partial dismissal of the FAC, arguing Plaintiff's procedural due process claim against Warden Doe "fails as a matter of law," and that Plaintiff "fail[ed] to state a plausible Eighth Amendment failure-to-protect claim" against Warden Doe. Dkt. No. 37-1 at 5-6. On March 3, 2025, the undersigned ordered Plaintiff to respond to the motion to dismiss by April 4, 2025. Dkt. No. 38. The instant motions followed on March 10, 2025.

Plaintiff states there is an "error in a text word matter" in the FAC, explaining he wrote "I waived my right to receive [an] interview" when he meant to write, "I didn't waive my right to receive [an] interview." Dkt. No. 39 at 1, 8 (emphasis in original). Plaintiff further asserts Thompson "base[d]" the motion to dismiss Warden Doe on this error. *Id.* at 2. As is relevant to his request for counsel, Plaintiff states he is "not a professional lawyer nor has the privillege [*sic*] resource for spell check or miss word corrector," and further that he "is on . . . heavy medication [which] prevents [him] from being able to focus which cause's [*sic*] mistakes." *Id.* at 1, 5. Plaintiff also states he "only has one good arm with limited access to investigate matters of his case because of his disability." *Id.* at 5.

## II.

## LEGAL STANDARDS

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, the Court has discretion to appoint an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019). Instead, the Court "must determine

---

[2]   Warden Doe has not been identified and thus has neither been served nor appeared in the action.

whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor "is dispositive; rather they must be considered cumulatively." *Id*.

## III.

## DISCUSSION

### A.  Likelihood of Success

Plaintiff does not identify any facts to support a finding that he may succeed on the merits of his claims. Although Plaintiff's initial complaint survived screening, the pleadings are still at issue, and discovery has not commenced. "[T]ime has yet to tell whether [he] is likely to succeed on the merits of any claim." *Ecasali v. McMillin*, No. 24-CV-02489-BAS-JLB, 2025 WL 674616, at *3 (S.D. Cal. Mar. 3, 2025) (denying motion to appoint counsel).³ The Court finds this factor weighs against appointing counsel to represent Plaintiff.

### B.  Plaintiff's Ability to Pursue His Claims

The Court is also not persuaded that Plaintiff lacks the ability to pursue his claims considering the complexity of the legal issues presented. Plaintiff has asserted relatively straightforward conditions-of-confinement claims. Despite his physical disability and alleged difficulty "focus[ing]" due to medication, Plaintiff's activity in the case to date – including a complaint that survived initial screening, several motions for assistance with service, a motion for preliminary injunction, and a motion for leave to file an amended complaint – demonstrates to the Court he can effectively advocate for himself, understand and articulate the legal issues implicated by his complaint, and follow procedural rules. *See Harrington v.*

---

³   Unless otherwise noted, all citations are omitted, and in direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added.

*Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (finding trial court did not abuse its discretion in failing to appoint counsel, noting "[d]espite his medical issues, [the plaintiff] articulated his claims well"); *see also Terrell*, 935 F.2d at 1017 (upholding district court's refusal to appoint counsel because the plaintiff had "demonstrated sufficient writing ability and legal knowledge to articulate his claim").

Plaintiff's complaints that he is "not a professional lawyer," has no electronic means to check his handwritten pleadings for errors, and has limited ability to investigate his claims are "[c]ircumstances common to most prisoners," and "do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." *Whiteman v. Shasta Cnty. Jail*, No. 2:24-CV-0166 AC P, 2024 WL 663689, at *3 (E.D. Cal. Feb. 16, 2024).

Accordingly, the Court finds Plaintiff has not shown he lacks the ability to pursue his claims. This factor weighs against the appointment of counsel.

## IV.

## CONCLUSION

For the reasons stated above, the Court finds Plaintiff has not presented exceptional circumstances warranting appointing counsel in this matter. *See Cano*, 739 F. 3d at 1218. Therefore, Plaintiff's request for the appointment of counsel [Dkt. No. 39] is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims.

**IT IS SO ORDERED.**

Dated: March 20, 2025

Hon. David D. Leshner
United States Magistrate Judge