UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE #1, Warden, and N. THOMPSON, CDCR – CSR Auditor,<br><br>　　　　　　　　Defendants. | Case No.:  23-cv-1920-JAH-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**and**<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION TO DISMISS AS MOOT**<br><br>**[Dkt. Nos. 37, 39]** |

Plaintiff Daniel C. Ramsey is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is a filing titled "Objection Motion to Defendants' Motion for Partial Dismissal and Motion for Attorney." Dkt. No. 39. The Court construes Plaintiff's filing as a motion for leave to file a second amended complaint, and for the appointment of counsel. For the reasons stated

below, Plaintiff's motion for leave to file a second amended complaint is **GRANTED**.[1] Given the possibility of a superseding pleading, and as set forth more fully below, the undersigned further **RECOMMENDS** Defendant N. Thompson's ("Thompson") Motion for Partial Dismissal of Plaintiff's Amended Complaint [Dkt. No. 37] be **DENIED AS MOOT**.

# I.
# BACKGROUND

**A. Procedural History**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 on October 16, 2023, against Thompson and H. Moseley. Dkt. No. 1. On December 12, 2023, the Honorable John A. Houston, having conducted the *sua sponte* screening required by 28 U.S.C. § 1915A, found Plaintiff pled sufficient facts in his complaint to state a plausible Eighth Amendment claim against Thompson. Dkt. No. 3 at 5. However, Judge Houston found Plaintiff had not stated an Eighth Amendment claim against Moseley, and had not stated a claim against either defendant for violation of the Equal Protection Clause or for conspiracy. *Id.* at 6, 8-9. Plaintiff was afforded an opportunity to amend his complaint and ordered to either file an amended pleading or inform the Court that he would proceed on his Eighth Amendment claim against Thompson only. *Id.* at 9-11.

On January 5, 2024, Plaintiff filed a "Notice of Intent to Proceed," informing the Court he would proceed solely against Thompson. Dkt. No. 4. On January 22, 2024, Judge Houston dismissed Plaintiff's remaining claims and ordered the United States Marshal Service to serve process on Thompson. Dkt. No. 5. After

---

[1] This Order disposes of Plaintiff's request for leave to amend. Plaintiff's request for the appointment of counsel is addressed in a separate order. *See* Dkt. No. 40.

some difficulty effecting service, Thompson waived service and entered the action on December 6, 2024. Dkt. No. 16.

On December 16, 2024, Plaintiff filed a motion for a preliminary injunction. Dkt. No. 18. On December 27, 2024, Thompson answered the complaint. Dkt. No. 22. On February 12, 2025, Judge Houston held a hearing on Plaintiff's motion for a preliminary injunction. Dkt. No. 33. The same day, Judge Houston denied the motion and granted Plaintiff leave to amend his complaint. Dkt. No. 34. On February 24, 2025, Plaintiff filed the First Amended Complaint ("FAC"), which is now the operative pleading in the action. Dkt. No. 36. Plaintiff alleges in the FAC "John Doe #1, Warden (RJD)" violated his right to Due Process, and failed to protect him. *See* Dkt. No. 36 at 2, 7. Plaintiff also repeats his allegations that Thompson was deliberately indifferent to his medical needs, and failed to protect him from harm, in violation of his Eighth Amendment rights. *Id.* at 3-6.

On February 28, 2025, Thompson[2] moved for partial dismissal of the FAC. On March 3, 2025, the undersigned ordered Plaintiff to respond to the motion to dismiss by April 4, 2025. Dkt. No. 38. The instant motion for leave to amend followed on March 10, 2025.

**B. Plaintiff's Allegations**

This action arises out of Plaintiff's transfer to High Desert State Prison ("HDSP"). Plaintiff alleges he is a wheelchair-bound, disabled inmate who suffers from paraplegia and other unspecified medical conditions, and as a result has a "high-risk" medical designation. FAC at 3. In early 2023, Plaintiff was housed at Richard J. Donovan ("RJD"), but was informed by his counselor that Plaintiff

///
///

---

[2] Warden Doe has not been identified and thus has neither been served nor appeared in the action.

would appear before the Inmate Classification Committee ("ICC").[3] *Id.* Plaintiff alleges he and his counselor reviewed potential alternative placements given his high-risk medical designation. *Id.* However, on March 3, 2023, Thompson "removed Plaintiff['s] high risk medical designation without any stated reason and approved a transfer to [HDSP], which is not a high risk medical facility." *Id.* Plaintiff alleges this placement was against policy and that HDSP is unable to provide for his medical needs, which include assistance "showering, undressing, [and] ambulat[ing]." *Id.* Plaintiff further alleges at the time of his transfer to HDSP, he was scheduled for surgery which had been recommended by his primary care provider and other surgeons at RJD, but the surgery was delayed due to a lack of available surgeons at HDSP. *Id.* at 3-4. Plaintiff alleges his condition has worsened because of this delay as well as the general conditions at HDSP. *Id.* at 4; *see also* Plaintiff's Declaration, Dkt. No. 36-1, at 3-5. Plaintiff alleges Thompson was deliberately indifferent to his medical needs in overriding his high-risk designation and authorizing the transfer to HDSP. FAC at 4-5. He further alleges Thompson failed to notify her superiors that Plaintiff's placement at HDSP was not "suitable," and failed to prevent the transfer despite her knowledge that HDSP is "a violent environment," thereby failing to protect Plaintiff from further harm. *Id.* at 6.

Plaintiff also alleges he was not interviewed regarding his transfer to HDSP, "as required by policy and procedures of CDCR and accord[ing] to his due process rights." FAC at 7. Plaintiff alleges "[o]n the first page" of his grievance form dated March 3, 2023, "it has a box that reads, 'By placing my initials in the box I waive

---

[3] The timeline of events is somewhat unclear. Plaintiff alleges he was informed of the ICC meeting in "March 2023," but also that he and his counselor "reviewed possible placements" on January 17, 2023. *See* FAC at 3. This discrepancy does not affect the Court's analysis.

my right to receive an interview.'"  *Id.*  Plaintiff states in the FAC, "**I waive my right to receive an interview.**  Plaintiff waive that right! Therefore he was not given an opportunity to have witnesses or pleed [*sic*] my case in defense."  *Id.* (emphasis added).  Plaintiff further alleges Warden Doe:

> had a duty to insure [*sic*] that all his employees was [*sic*] following procedure before and during Plaintiff transfer considering his medical conditions and DPW status.  Therefore, the Defendant violated Plaintiff['s] Due Process Right.  The Defendant also failed to protect because Defendant knew or should have known that the Plaintiff should not have been sent back to HDSP. . ..

*Id.*  Plaintiff seeks injunctive and monetary relief, and punitive damages.  *Id.* at 9.

**C. The Parties' Arguments**

In the motion to dismiss, Thompson argues Plaintiff's procedural due process claim against Warden Doe "fails as a matter of law." Dkt. No. 37-1 at 5-6. In support, Thompson argues prisoners "have no constitutional right to an effective grievance or appeal process," and that Plaintiff fails to allege Warden Doe's personal participation in the alleged deprivation of due process.  *Id.* Thompson also notes Plaintiff alleges he waived his right to a hearing, and asserts "[Plaintiff] cannot create a due process violation by choosing to forego [*sic*] a hearing."  *Id.* at 6.  Thompson further asserts Plaintiff "fail[ed] to state a plausible Eighth Amendment failure-to-protect claim" against Warden Doe.

In opposition, Plaintiff states there is an "error in a text word matter" in the FAC, explaining he wrote "I waived my right to receive [an] interview" when he meant to write, "I <u>didn't</u> waive my right to receive [an] interview." Dkt. No. 39 at 1, 3 (emphasis in original).  Plaintiff further asserts Thompson "base[d]" the motion to dismiss Warden Doe on this error, "focus[ing] on only a small part of the sentence of error."  *Id.* at 2, 3.  Plaintiff requests that "the Court allow his civil complaint to be amended or accept the motion for the small correctable errors."

*Id.* at 5. Plaintiff does not offer any argument regarding Thompson's other asserted bases for dismissal. *See generally id.*

## II.

## DISCUSSION

**A.     Leave to Amend Is Warranted**

*1. Legal Standards*

Federal Rule of Civil Rule 15(a)(2) directs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion" whether to allow a party to amend, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). [4] Thus, while leave to amend is not guaranteed, it "should be granted with extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The Court must be especially generous permitting a *pro se* plaintiff to amend his or her pleadings. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Considering the liberality espoused by the Federal Rules, the Court should not deny a motion to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

*2. Application*

The Court begins with the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Here, Plaintiff wishes to correct a small but

---

[4]     Unless otherwise noted, all citations are omitted, and in direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added.

meaningful error in the FAC, and the Court finds permitting Plaintiff to correct the alleged error will add clarity to the pleadings, to the benefit of the parties and the Court.

The Court turns to the "countervailing considerations [of] undue delay, prejudice, bad faith, [and] futility." *Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023). There is nothing in the record before the Court to support a finding of bad faith or undue delay. To the contrary, Plaintiff alerted the Court to his error, and requested permission to correct it, promptly after receiving Thompson's motion to dismiss. Likewise, the Court cannot find Defendants would be prejudiced by the amendment. The case is in the early stages, discovery has not yet commenced, and the Court has not set a trial date. Nor can the Court conclude that the proposed amendment would be futile. Without making any findings regarding the merits of Thompson's motion to dismiss – including on the issue of whether Thompson has standing to assert that claims against Warden Doe are inadequately pled – Plaintiff's proposed amendment appears to obviate at least one asserted basis for dismissal.

For these reasons, Plaintiff's request for leave to amend his complaint is **GRANTED**.

B.   **Plaintiff Must File a Second Amended Complaint**

An amended complaint supersedes any prior complaint. *See CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021). Although the Court has granted Plaintiff leave to amend his complaint, he cannot do so by motion or supplementation. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012); CivLR 15.1 (requiring "[e]very pleading to which amendment is permitted . . . must be complete in itself without reference to the superseded pleading.").

Plaintiff must therefore file a Second Amended Complaint without reference to any previous pleading. This includes any documents attached to any amended complaint. For example, the Court notes the Form 602 dated March 3, 2023, which

corroborates his statement that he did not initial the box to waive his right to an interview, was attached to Plaintiff's original complaint, but not the FAC. *See* Dkt. No. 1-3 at 15. The Court is not required to comb through prior, superseded pleadings to ascertain Plaintiff's allegations. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (noting "[a]s a general rule, when a plaintiff files an amended complaint, the amended complaint super[s]edes the original, **the latter being treated thereafter as non-existent**") (emphasis added). Thus, it is very important that Plaintiff allege all relevant facts in his Second Amended Complaint, and attach any documents he believes support his allegations, without reliance on or reference to his prior pleadings.

     Plaintiff's Second Amended Complaint must also comply with Federal Rule of Civil Procedure 8 in all respects, meaning "each claim and the involvement of each defendant must be alleged; . . . [and] must include a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought." *Turley v. Lezano*, No. 3:22-CV-1719-GPC-DDL, 2023 WL 3727939, at *2 (S.D. Cal. May 30, 2023) (citing Fed. R. Civ. P. 8(a)(1)-(3)).

     Finally, because "the use of Doe defendants in federal courts is generally disfavored," Plaintiff must identify Warden Doe by name if possible. *See Est. of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1169 (E.D. Cal. 2019); *see also Cuda v. Emps./Contractors/Agents at or OCCC*, No. CV 19-00084 DKW-KJM, 2019 WL 2062945, at *4 (D. Haw. May 9, 2019) ("Doe defendants are generally disfavored . . . because it is effectively impossible for the United States Marshal to serve an anonymous defendant."). The Court appreciates that there may be circumstances where a plaintiff requires discovery to reveal a defendant's identity. *See Est. of Osuna*, 392 F. Supp. 3d at 1169 (acknowledging that "situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint[, and] the plaintiff should be given an opportunity through discovery to identify

the unknown defendants"). In this case, however, the Warden of Richard J. Donovan Correctional Facility is a public figure whose identity is widely available as a matter of public record. Therefore, Plaintiff must use all resources available to him to identify the Warden by name.

To be clear, Plaintiff must complete a new prisoner civil rights complaint on the Court's form. Plaintiff's Second Amended Complaint: (1) must name Thompson and RJD Warden (identified by name if possible) as Defendants; (2) must not name any additional defendants; (3) must reallege Plaintiff's deliberate indifference, failure-to-protect and due process causes of action as stated in his First Amended Complaint; and (4) must not add any other causes of action. Plaintiff's Second Amended Complaint must bear the docket number 3:23-cv-1920-JAH-DDL and must be clearly labeled "Second Amended Complaint." Plaintiff is cautioned that any claims not realleged in the Second Amended Complaint may be considered waived. *See Lacey*, 693 F.3d at 928.

### C. Recommendation Regarding Motion to Dismiss

Rather than expend judicial resources resolving a Motion to Dismiss that pertains to a superseded complaint, the Court finds the interests of judicial economy would be best served by requiring Defendants to respond to Plaintiff's Second Amended Complaint. *See De Souza v. Dawson Tech., Inc.*, No. 21-CV-1103 JLS (MSB), 2022 WL 3006045, at *4 (S.D. Cal. July 28, 2022) (finding the "[p]arties' and the Court's resources" would not be well spent "deciding a Motion to Dismiss that is potentially obviated by" a forthcoming amendment to the complaint). For these reasons, the undersigned **RECOMMENDS** Thompson's motion to dismiss be **DENIED AS MOOT**. The undersigned further **RECOMMENDS** that Defendants be ordered to respond to Plaintiff's Second Amended Complaint, whether by responsive pleading or renewed motion, within **21 days** of the entry of the Second Amended Complaint on the docket.

///

## IV.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's Motion for Leave to Amend [Dkt. No. 39] is **GRANTED**. By not later than *April 25, 2025*, Plaintiff must file a Second Amended Complaint consistent with the instructions above. If Plaintiff fails to timely file a Second Amended Complaint, the Court will presume the First Amended Complaint is the operative pleading and proceed accordingly.

2. Pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.3, the undersigned Magistrate Judge respectfully **RECOMMENDS** that the District Judge **DENY AS MOOT** Defendant Thompson's motion to dismiss [Dkt. No. 37] and order Defendants to respond to Plaintiff's Second Amended Complaint, if one is filed, within 21 days of its entry on the docket.

3. Any objection to this Report and Recommendation must be filed with the Court and served on all parties by *April 10, 2025*. The document should be titled "Objections to Report and Recommendation." A party who fails to timely object may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: March 25, 2025

Hon. David D. Leshner
United States Magistrate Judge