

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>N. THOMPSON,<br><br>　　　　　　　Defendant. | Case No.: 23-cv-1920-JAH-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER TO RECEIVE COPIES OF DOCUMENTS**<br><br>**[Dkt. Nos. 61]** |

　　　　On July 15, 2025, the Court received Plaintiff's Motion for an Order to Receive Copies of Documents. Dkt. No. 61. The motion was entered into the docket on July 16, 2025. *See* Docket.

　　　　Plaintiff, a prisoner housed in High Desert State Prison, who is proceeding *pro se* and *in forma pauperis*, seeks an order requiring Defendant to provide legal copies of the pleadings in this matter in a timely fashion. Dkt. No. 61. Alternatively, Plaintiff requests that the Court order the Clerk of Court to provide copies. *Id*. at 2. In support, Plaintiff states that without such an order, he will be highly disadvantaged because he is a bedridden prisoner and dependent on CDCR employees to assist him with legal copies and mailings. *Id.* at 2, 5. In addition, the facility where Plaintiff is housed does not have a functioning copy machine. *Id.*

The only machine available is outdated and has been broken for several months. *Id.* Plaintiff has submitted a grievance regarding the copy machine, however, that may take several months to resolve, and he needs copies of the pleadings in his case now. *Id.* at 6.

"While 'prisoners have a constitutional right of access to the courts,' there is no constitutional right to receive photocopies free of charge." *Arellano v. Blahnik*, 2020 WL 6319130, at *1 (S.D. Cal., Oct. 28, 2020, No. 16CV2412-CAB-MSB) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)) and (citing *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990), overruled on other grounds by *Lewis v. Casey*, 518 U.S. 343, 351 (1996) and *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox.")). This is no different for litigants proceeding *in forma pauperis*. *Id.* (citing *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990)).

While the Court does not generally provide parties with copies of the pleadings, given the circumstances in the instant matter, the Court finds it appropriate to provide Plaintiff with a copy of the recent motions he has filed as requested.[1] Accordingly, Plaintiff's motion is **GRANTED**. The Clerk's Office is **ORDERED** to mail Plaintiff a copy of this order along with a copy of Dkt. Nos. 47, 50-52, 57, and 60-63. Plaintiff is cautioned that the Court is not ordering Defendant or the Clerk's Office to provide Plaintiff with copies of every pleading that he files in this matter in the future. If Plaintiff should need copies of any court documents

---

[1] The Court notes that Plaintiff should have a copy of the Court's orders as the Clerk's Office mails orders to case participants who are not on the Case Management/Electronic Case Filing System. *See* Docket. Plaintiff will continue to receive the Court's orders throughout the duration of the case. Additionally, a review of the docket suggests that Plaintiff should have copies of the pleadings filed by Defendant in this case. *See* Dkt. Nos. 48-2, 54-2, 56-1 (Certificates of Service stating that copies of Defendant's pleadings have been mailed to Plaintiff at High Desert State Prison). This will also continue throughout the case.

from the Clerk of the Court, they may be purchased at $0.50 per page.

**IT IS SO ORDERED.**

Dated: July 24, 2025

                                  Hon. David D. Leshner
                                  United States Magistrate Judge