UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>      Plaintiff,<br><br>v.<br><br>N. THOMPSON,<br><br>      Defendants. | Case No.:  23-cv-1920-JAH-DDL<br><br>**(1) REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND (2) ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF ADJUDICATIVE FACTS**<br><br>**[Dkt. Nos. 48, 62]** |

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California.  For the following reasons, the Court **RECOMMENDS** that Defendant's

Motion for Partial Dismissal of Plaintiff's Second Amended Complaint be **GRANTED**.

## I.

## **PROCEDURAL BACKGROUND**

On October 16, 2023, Plaintiff Daniel C. Ramsey, a state prisoner proceeding pro se and *in forma pauperis*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983 against N. Thompson and H. Moseley.[1]  Dkt. No. 1.

On December 16, 2024, Plaintiff filed a motion for a preliminary injunction. Dkt. No. 18.

On December 27, 2024, N. Thompson answered the complaint.  Dkt. No. 22.

On February 12, 2025, Judge Houston held a hearing on Plaintiff's motion for a preliminary injunction, denied the motion, and granted Plaintiff leave to amend his complaint.  Dkt. No. 33.

On February 24, 2025, Plaintiff filed the First Amended Complaint ("FAC") alleging that John Doe #1, Warden (RJD) violated his right to Due Process and failed to protect him and that Defendant N. Thompson was deliberately indifferent to his medical needs, and failed to protect him from harm, in violation of his Eighth Amendment rights.   Dkt. No. 36 at 2-7.

On February 28, 2025, Defendant N. Thompson[2] moved for partial dismissal of the FAC. Dkt. No. 37.

---

[1] Defendant H. Moseley was terminated from the case on January 22, 2024.  *See* Docket; *see also* Dkt. No. 5.

[2] Warden Doe has not been identified and thus has never been served nor appeared in the action.

On March 25, 2025, the Court issued an Order Granting Plaintiff's Motion for Leave to File a Second Amended Complaint and Report and Recommendation for Order Denying Defendant's Motion to Dismiss as Moot. Dkt. No. 41.

On April 20, 2025, Plaintiff filed a Second Amended Complaint ("SAC") under the Civil Rights Act, 42 U.S.C. § 1983, against Defendant N. Thompson. Dkt. No. 47 at 1. Plaintiff alleges claims under the Eighth and Fourteenth Amendments for deliberate indifference, failure to protect, and procedural due process violations. *Id.* at 2.

On May 5, 2025, Defendant N. Thompson filed a Motion for Partial Dismissal of Plaintiff's SAC for failure to state a claim regarding the Fourteenth Amendment and procedural due process. Dkt. No. 48-1 ("MTD"). On May 21, 2025, Plaintiff filed an opposition to Defendant's MTD. Dkt. No. 50-1 ("Oppo."). Defendant replied on June 19, 2025. Dkt. No. 56 ("Reply").

## II.
## COMPLAINT ALLEGATIONS

This action arises out of Plaintiff's transfer to High Desert State Prison ("HDSP"). SAC at 4. Plaintiff alleges he is a wheelchair-bound, disabled inmate who suffers from paraplegia and other unspecified medical conditions, and as a result has a "high-risk" medical designation. *Id.* at 5, 8-9. In early 2023, Plaintiff, who was housed at Richard J. Donovan ("RJD"), was informed by his counselor that he was up for an annual review for good behavior and that due to his medical status, the options for housing were the California Health Care Facility and the California Medical Facility. *Id.* at 4-5. Plaintiff preferred the California Health Care Facility, and that information was forwarded to the Inmate Classification Committee ("ICC"). *Id.* at 5.

On March 3, 2023, Plaintiff alleges that Defendant Thompson filed an Auditor Action removing Plaintiff's medical conditions, overriding Plaintiff's high risk medical designation without any stated reason, and recommending Plaintiff's

transfer to HDSP, a non-high risk medical facility. *Id.* at 6-7. Plaintiff alleges this was done without approval by the California Correctional Health Care Service ("CCHCS") or his primary care provider. *Id.* at 6. After learning of the proposed transfer to HDSP, Plaintiff filed a 602 grievance requesting the transfer be placed on hold as he did not belong in a facility unable to house individuals with high-risk medical needs and an inability to defend themselves. *Id.* at 7-8. In his grievance, Plaintiff also noted that he was scheduled for another surgery and a follow-up appointment with his neurosurgeon. *Id.* at 8. Plaintiff's grievance was denied and on March 21, 2023, Plaintiff was transferred to HDSP. *Id.* at 7-8.

Plaintiff alleges that Defendant Thompson's decision to override his high-risk designation and authorize the transfer to HDSP violated his Eighth Amendment rights as it was deliberately indifferent to his medical needs, failed to protect him, and recklessly ignored the excessive risk the transfer posed to Plaintiff's health. *Id.* at 13. Plaintiff further alleges that his Fourteenth Amendment due process rights were violated because he was not asked about the decision to remove his high-risk medical designation and Defendant Thompson failed to receive approval from CCHCS, ICC, or Plaintiff before making her decisions related to the Audit. *Id.* at 14. In addition, Plaintiff was not informed of his transfer until the day it took place and had no opportunity to research, investigate, or be heard on the issue. *Id.*

Plaintiff seeks injunctive relief preventing him from being housed in a facility that is not considered a high-risk facility, $880,00 in damages, $2,000,000 in punitive damages, and fees. *Id.* at 17.

### III.
### PARTIES' ARGUMENTS

Defendant argues Plaintiff's procedural due process claim "fails as a matter of law." MTD at 2. In support, Defendant argues that because Plaintiff fails to allege the deprivation of a constitutionally protected interest, his due process claim

must fail. *Id.* at 4. Specifically, Plaintiff's allegation that he was deprived of being housed in an a "medical facility institution" "does not implicate a constitutionally protected interest" as prisoners do not have a constitutional right to be housed in the institution of their choice. *Id.* at 5-6. Additionally, Defendant argues that Plaintiff failed to allege that his transfer to HDSP created an atypical and significant hardship. *Id.* at 6. With respect to Defendant's alleged violations of prison procedures and regulations, Defendant argues that those violations alone do not give rise to a federal constitutional claim under section 1983. *Id.* Plaintiff's allegations about the dangerous environment and flooded cell fail to establish a substantive due process claim as Plaintiff has not shown that "he suffered restraints outside the normal incidents of prison life." *Id.* at 7. The allegations also fail to support a substantive due process claim as any such claims would implicate Plaintiff's Eighth Amendment rights instead and Plaintiff has failed to allege a conditions-of-confinement claim. *Id.* Finally, Defendant argues that Plaintiff's allegations surrounding his delayed surgery and medical treatment fail to establish a due process violation because prisoners are not guaranteed their choice of treatment or physician and a difference of opinion with medical staff is not actionable. *Id.* at 8. Defendant argues that even if Plaintiff's allegations are true and state a plausible claim, she is entitled to qualified immunity from suit with respect to Plaintiff's procedural due process claim as "it was not clearly established in March 2023 that endorsing Ramsey's transfer from RJD to another institution implicated a liberty interest protected by the Due Process Clause such that Counselor Thompson should have been on notice that Ramsey was owed any procedural protections in the process of her audit." *Id.* at 9. Defendant requests that Plaintiff's Fourteenth Amendment claim be dismissed with prejudice as permitting Plaintiff to further amend the complaint would be futile. *Id.*

Plaintiff contends that he has stated a claim for relief and that he has a right to complete due process including notice when is medical status is changed, an interview, and a hearing where he can present evidence.[3]  Oppo.

## IV.
## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed--me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). [4]

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims.  *See* Fed. R. Civ. P. 12(b)(6).  The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).  In order to survive a motion to dismiss, a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content

---

[3] In his opposition, Plaintiff argues that Defendant is in default and that he is entitled to a default judgment.  Oppo. at 6, 21.  The Court addressed Plaintiff's concerns and related motions regarding Defendant's alleged default in its July 16, 2025 Order Denying Plaintiff's Motions for Default Judgement.  Dkt. No .64.

[4] All citations and internal quotation marks are omitted, and emphasis and alterations added, unless otherwise noted.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). This rule of liberal construction is "particularly important" in civil rights cases. *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. 2007); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe pro se filings liberally when evaluating them under *Iqbal*" and "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").). When giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim[] that were not initially pled." *Easter v. CDC,* 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

The court should allow a *pro se* plaintiff leave to amend his or her complaint, "unless the pleading could not possibly be cured by the allegation of other facts." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Moreover, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Wayne v. Leal, No. 07 CV 1605 JM (BLM), 2009 WL 2406299, at *3 (S.D. Cal. Aug. 4, 2009).

To state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some "rights, privileges, or immunities" protected by the Constitution of the laws of the United States. 42 U.S.C. § 1983. To prevail on a § 1983 claim, "a plaintiff must demonstrate that he suffered a

specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant." *Harris v. Schriro*, 652 F. Supp. 2d 1024, 1034 (D. Ariz. Aug. 11, 2009). A particular defendant is liable under § 1983 only when the plaintiff proves he participated in the alleged violation. *Id.*

# V.
# DISCUSSION

## A. Judicial Notice

Before addressing the merits of Defendant's Motion for Partial Dismissal, this Court will briefly address Plaintiff's request for judicial notice.

On July 15, 2025, the Court received Plaintiff's Motion for the Court to Take Judicial Notice of Adjudicative Facts. Dkt. No. 62. The motion was entered into the docket on July 16, 2025. *See* Docket. Plaintiff seeks an order taking judicial notice of various documents that he has filed with the Court as exhibits to his SAC and to the instant motion. *Id.* at 2. Plaintiff specifically identifies Exhibits D and E to the SAC and the "Title 15 Crime Prevention and Corrections Book." Dkt. No. 62 at 2. In support, Plaintiff states that the documents contain information that the Court and jury should have and that the documents explain the rules, policies and procedures that should be adhered to by all prisoners, prison staff and CDCR officials. *Id.* Plaintiff also states that the CDCR provides a copy of the Title 15 Rules and Regulations to every inmate upon their arrival. *Id.* Plaintiff believes that the documents will help prove his case and the violation of his civil rights. *Id.* at 3. Plaintiff asks that the Court grant this motion "and file the documents as proof and exhibits" and to acknowledge Exhibits D and E to the SAC as the Title 15 Rules of CDCR and Richard J. Donovan Policies and Procedures. *Id.* at 3-4. Defendant did not respond to the motion. *See* Docket.

Pursuant to Federal Rule of Evidence ("Fed. R. Evid.") 201, the Court may take judicial notice of facts "generally known within [its] territorial jurisdiction" or

that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2). The motion to dismiss stage does not typically involve considering matters outside the pleadings, but the court may consider items that are properly judicially noticed. *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1120 (N.D. Cal. 2009). Courts may take judicial notice of state regulations, including prison rules and regulations. *See Harrison v. Kernan*, 971 F.3d 1069, 1071 n.2 (9th Cir. 2020) (taking judicial notice of relevant Title 15 provisions and regulatory history). "The Court may take judicial notice on its own or at the request of any party, and must take judicial notice if a party requests it and the court is supplied with the necessary information." *Sunkett v. Boerum*, No. 1:21-CV-01137-HBK (PC), 2024 WL 4369900, at *2 (E.D. Cal., Sept. 30, 2024); *see also* Fed. R. Evid. 201(c).

Plaintiff's request is **DENIED IN PART AS MOOT**. Plaintiff asks that the documents be filed as exhibits. The documents became exhibits as soon as Plaintiff filed them with his SAC and the instant motion. *See* Dkt. Nos. 47-4, 47-5, and 62 at 6-25. Accordingly, the Court need not enter an order filing the documents as exhibits. The Court cautions Plaintiff that while the documents are considered exhibits, they are not "proof" of anything at this stage of the litigation.

Attached as Exhibit D to Plaintiff's SAC are copies of Plaintiff's Appeal of Grievance, OOA Acknowledgement of Receipt from the Office of Appeals, and the Office of Appeals Decision. Dkt. No. 47-4 at 2-5. Plaintiff's request is **GRANTED**. The Court will take judicial notice of the existence of the documents attached as Exhibit D to the SAC, but not the truth of the statements made in the documents. *See Shockner v. Soltanian*, No. 218CV1948TLNKJNP, 2022 WL 823439, at *4 (E.D. Cal., Mar. 18, 2022) ("The court may take judicial notice of the grievances but not for the truth of their contents."); Calloway v. Kelley, No. 1:11-CV-01090-LJO, 2015 WL 4722976, at *19 (E.D. Cal. Aug. 7, 2015) ("The Court can take judicial notice of the existence of the filing of an inmate grievance [within CDCR]; however,

the Court cannot take judicial notice of the truth of the facts and matters asserted therein.").

Attached as Exhibit E to Plaintiff's SAC are handwritten definitions of various terms copied by Plaintiff from the California Department of Corrections and Rehabilitation Health Care Department Operations Manual. Because the accuracy of the handwritten notes can be reasonably questioned, the Court **DENIES** Plaintiff's request for judicial notice of Exhibit E of the SAC.

Title 15 regulations can be readily and accurately determined from accurate sources. In addition, Plaintiff has provided the necessary information, and Defendant has not challenged Plaintiff's request. Accordingly, Plaintiff's Motion for Judicial Notice is **GRANTED** as to the Title 15 regulations and the Court takes judicial notice of the following: California Code of Regulations, Title 15, sections 3375.1, 3375.2, 3375.5, 3375.6, 3376, 3378.10, 3800 - 3800.3, 3379, 3999.98 - 3999.101, 3999.108 – 3999.10, and 3999.307. *See* Dkt. No. 62 at 7-25; *see also Johnson v. Kernan*, No. 17-07133 BLF (PR), 2019 WL 3718587, at *1 (N.D. Cal., Aug. 6, 2019) (taking judicial notice of Title 15 regulations filed in support of motion brought pursuant to Fed. R. Civ. P. 12(b)(6)).

**B. Fourteenth Amendment Claims**

1. Procedural Due Process

To plead a procedural due process violation, an inmate must allege that the challenged conduct "present[s] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995). "Procedural due process claims require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

Plaintiff fails to state a procedural due process claim because he does not allege that he was deprived of a constitutionally protected liberty or property interest. "There is no constitutional right to be housed in a particular unit in prison

or in a facility of one's choice." *Collins v. Lopez*, No. 1:24-CV-00454-DCN, 2025 WL 2402003, at *6 (D. Idaho, Aug. 19, 2025). Nor is there a right to be housed at a particular location under California law. *See Verwolf v. Hamlet,* No. C03-807 TEH (PR), 2003 WL 22159055, at *3 (N.D. Cal., Sept. 17, 2003) ("And California has not created a protected liberty interest in housing at any particular facility (or temporary release to the community[]: there are no substantive limitations on prison officials' discretion to grant or refuse the transfer of prisoners."). Additionally, "prisoners have no constitutional right to a particular classification status, even if the classification status results in a loss of privileges." *Dilbert v. Fisher*, No. 120CV00655JLTHBKPC, 2023 WL 4848515, at *3 (E.D. Cal., July 28, 2023); *see also Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *Jacobs v. CDCR*, 20-cv-00547-DAD-BAM, 2022 WL 20210207, at *10 (E.D. Cal. Feb. 22. 2022) ("Although unclear, it appears that Plaintiff is challenging his medical classification. Prisoners have no federally protected liberty interest in their classification status.").

Plaintiff's allegation that his right to be housed closer to friends and family was violated fails for the same reason. A claim can be stated where a plaintiff alleges that a change in classification occurred for an unconstitutional reason such as retaliation for exercising certain rights or because of the plaintiff's religion, race, or politics. *Dilbert*, 2023 WL 4848515, at *3. Here, Plaintiff makes no such allegations. Oppo.; *see also* Dkt. No. 47.

Plaintiff also alleges that his due process rights were violated because he was not given a hearing on the grievance he submitted about his medial classification and proposed transfer. SAC at 15. This allegation fails to state a claim because the prison "grievance procedure is a procedural right only, it does

not confer any substantive right upon the inmates" and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Bussiere v. Sherman*, No. 116CV00899DADJLTPC, 2016 WL 5395920, at *4, ((E.D. Cal., Sept. 26, 2016); *see also Ramirez*, 334 F.3d at 860 (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Accordingly, the actions taken by facility officials in reviewing Plaintiff's inmate appeal cannot serve as the basis of liability for his section 1983 action. Furthermore, Defendant Thompson is the only named Defendant, and Plaintiff does not allege that she was the one who denied his grievances and appeal or prevented him from having an investigation and hearing with witnesses.[5] SAC at 15.

Because Plaintiff has failed to plead allegations sufficient to support a Fourteenth Amendment procedural due process claim, the Court **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's Fourteenth Amendment procedural due process claim against Defendant Thompson be **GRANTED**.

2. Substantive Due Process

To the extent Plaintiff is attempting to allege a substantive due process claim related to the condition of his cell, that claim fails. "Where an amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, it is that Amendment that must be the guide for analyzing the complaint." *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998). Plaintiff was incarcerated at the time his claims arose.[6] Accordingly, the Eighth Amendment's

---

[5] Plaintiff's appeal was not denied by Defendant Thompson. *See* Dkt. No. 47-4 at 5 (Office of Appeals Decision signed by reviewing authority H. Moseley).

[6] Pretrial detainee challenges to conditions of confinement are governed by the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Plaintiff

proscription on cruel and unusual punishments, and not "the more generalized notion of substantive due process, [] must be the guide for analyzing [his] claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). This requirement cannot be met by the allegation of other facts. The Court therefore **RECOMMENDS** that any Fourteenth Amendment substantive due process claim against Defendant Thompson be **GRANTED WITHOUT LEAVE TO AMEND**.

### C. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Id.*

The Court employs a two-step analysis to determine whether a government official is entitled to qualified immunity. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014). First, the Court must determine whether the facts, "taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." *Id.* at 655-56. Second, the Court must determine "whether the right in question was 'clearly established' at the time of the violation." *Id.* at 656. "Courts have discretion to decide the order in which to engage these two prongs." *Id.*

As explained above, the facts alleged by Plaintiff do not establish a violation of his Fourteenth Amendment rights because he does not have a right to (1) be

---

is not a pretrial detainee but a sentenced inmate and, therefore, any claim regarding his conditions of confinement would be analyzed under the Eighth Amendment. *Id.*

housed in a particular facility, (2) have a particular classification, or (3) be housed near his friends and family. Accordingly, taking the facts in a light most favorable to Plaintiff, Defendant N. Thompson is entitled to qualified immunity because her alleged conduct did not violate a federal right. *Id.* at 656.

## D. Leave to Amend

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion" whether to allow a party to amend, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Thus, while leave to amend is not guaranteed, it "should be granted with extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The Court must be especially generous permitting a *pro se* plaintiff to amend his or her pleadings. *See Ramirez*, 334 F.3d at 861. Considering the liberality espoused by the Federal Rules, the Court should not deny a motion to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff does not seek leave to amend[7], and the Court does not find that the SAC could be cured by the allegation of other facts. *See Ramirez*, 334 F.3d at 861. Therefore, it is also **RECOMMENDED** that the District Court grant Defendant's motion **WITHOUT LEAVE TO AMEND**.

---

[7] Plaintiff references Federal Rule of Civil Procedure 15 several times and discusses amended complaints and relation back but not in the context of asking the Court for the opportunity to file a Third Amended Complaint. Oppo. at 10-15. Plaintiff notes that he has corrected his civil complaint and named the Defendant who is responsible for everything described in the SAC. Oppo. at 17.

## VI.

## **CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation and (2) granting Defendant's Motion for Partial Dismissal of Plaintiff's due process claim without leave to amend.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **November 24, 2025**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 8, 2025**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: October 30, 2025

Hon. David D. Leshner
United States Magistrate Judge